**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL 06 2012

JULIA C. DUDLEY, CLERK
BY: /s/ D. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Cellular Telephone Accounts Associated With
Telephone Number (276) 223-8662

Case No. 1:12-mj-70

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

located in the _____ District of **New Jersey**, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841 & 846 | Distribution of Cocaine and Conspiracy to Distribute Cocaine |

The application is based on these facts:
See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Todd A. Brewer, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/12

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

### Particular Verizon Wireless Accounts to Be Searched

This warrant applies to records and other information (including the contents of communications) for the Verizon Wireless accounts associated with the telephone number[s]:

**(276) 223-8662** (May 31, 2012 to present)

to the extent that such records and other information are within the possession, custody, or control of Verizon Wireless, located at 180 Washington Valley Rd., Bedminster, New Jersey, 07921. Verizon Wireless is required to disclose to the government, for each such account:

    a.    All text messages stored and presently contained in, or on behalf of the account;

    b.    All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message;

# ATTACHMENT B

## Particular Things to be Seized

All fruits, evidence and instrumentalities of violations of the statutes listed on the warrant, including (for each account identified on Attachment A):

1. The contents of all records or other information stored in the account, including copies of text messages in the account, relating to:

    a. Text messages relating to the distribution of controlled substances and any conspiracy to distribute controlled substances.

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | | |
|---|---|---|
| IN THE MATTER OF SEARCH OF ) | | UNDER SEAL |
| STORED ELECTRONIC ) | | |
| COMMUNICATIONS (TEXT ) | | Case No. 1:12-mj-70 |
| MESSAGES) OF TELEPHONE ) | | |
| NUMBER(S) – (276) 223-8662 ) | | |
| ) | | |

## AFFIDAVIT IN SUPPORT OF APPLICATION
## FOR SEARCH WARRANT AND SEARCH WARRANT

I, Todd A. Brewer, Special Agent, United States Department of Justice, Drug Enforcement Administration, being duly sworn, do depose and state as follows:

I make this affidavit in support of an application for a search warrant for certain accounts controlled by Cellco Partnership dba Verizon Wireless, a cellular provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey, 07921. The accounts to be searched are described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Verizon Wireless to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

I am a Special Agent for the United States Drug Enforcement Administration (DEA) and have been so employed for over fourteen (14) years. Prior to my employment with the DEA, I was a Police Officer for the Prince William County Police Department in Northern Virginia for approximately four (4) years. Prior to my employment with the PWCPD, I was a Deputy Sheriff with the Loudoun County Sheriff's Office in Loudoun County, Virginia for approximately one (1) year.

I was trained as a DEA Special Agent at the DEA/FBI Academy in Quantico, Virginia. While at the DEA/FBI Academy, I received specialized training in the Controlled Substances Act, Title 21, United States Code, including, but not limited to Sections 841 (a)(1) and 846 (Conspiracy and Controlled Substance Violations), criminal organizations engaged in conspiracies to manufacture and/or possess with intent to distribute cocaine, heroin, methamphetamine, marijuana and other dangerous drugs prohibited by law, search and seizure law, and many other facets of drug law enforcement.

During my employment as a DEA Special Agent, I have participated in numerous investigations involving the seizure of the above listed controlled substances, the seizure

1

of narcotic related records and other types of evidence that document a criminal organization's activities in both the manufacturing and distribution of controlled substances.

To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced Agents and law enforcement personnel, I have become familiar with the methods used by traffickers to smuggle and safeguard narcotics, to distribute narcotics, and collect and launder related proceeds. I am aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their narcotics organizations. My knowledge of these tactics, which include the utilization of numerous different cellular telephones, beepers, counter surveillance, elaborately planned distribution schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations, has been particularly useful and relevant to this investigation.

The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, observations of Cooperating Sources (CS) as related to me, my review of official police and government reports, my review of records and documents gathered during this investigation, and consultation with other Agents involved in the investigation.

This affidavit contains information necessary to support probable cause for the search warrant. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the United States.

This affidavit is submitted in support of a request that a search warrant be issued for the stored electronic communications, specifically text messages, associated with the cellular telephone bearing telephone number (276) 223-8662, hereinafter referred to as Target Telephone #1.
This telephone number is a prepaid TracFone with no subscriber information and is serviced by Verizon Wireless. Target Telephone #1 is believed to be used by Marvin MCBRIDE, aka "DM", a crack cocaine distributor in Wytheville, VA.

## STATEMENT OF PROBABLE CAUSE

On March 6, 2007, a traffic stop was conducted on a vehicle in Wythe Co., VA in which Martin Lutrail Hood was a passenger. Following a K-9 alert on the passenger compartment, a probable cause search was conducted on the vehicle. Seized pursuant to the search was approximately 19 grams of crack cocaine.
Following interviews with Hood and the driver of the vehicle, a search warrant was issued for 515 Vance St., Bristol, VA. The focus of the investigation had become a crack cocaine distributor from Detroit, MI known only as "DM". Prior to the execution of the search warrant, surveillance observed a black male depart the residence carrying a duffel bag. Surveillance followed the black male to the Greyhound bus station in Bristol,

TN and discontinued surveillance.

Present at the time of search warrant execution were two (2) black males from Detroit, one of which was Marvin MCBRIDE, and one (1) black male from Ohio. Officers did not know at the time that MCBRIDE was known on the street as "DM". Seized pursuant to the search warrant was a small amount of marijuana, $1,500.00 U.S. Currency and a residential surveillance system.

On September 1, 2011, CS-1 was interviewed in Wytheville, VA. CS-1 stated that "DM" was a crack cocaine distributor in Wytheville, VA who was originally from Detroit, MI. CS-1 positively identified Marvin MCBRIDE as "DM" from a DMV photograph.

CS-1 stated that MCBRIDE arranged for the transportation of cocaine, marijuana and pills between Detroit, MI and Wytheville, VA utilizing couriers on Greyhound buses.

On September 2, 2011, CS-2 was interviewed in Wytheville, VA. CS-2 stated that Marvin MCBRIDE, aka "DM", was a crack cocaine distributor in Wytheville, VA.

CS-2 stated that, in 2003 and 2004, he/she was a distributor of crack cocaine for MCBRIDE. CS-2 stated that he/she sold "50 rocks" (approximately ½ gram) of crack cocaine to MCBRIDE's customers approximately 30 times a day for a three (3) month period.

On January 12, 2012, a controlled purchase of crack cocaine was made from Marvin MCBRIDE in Wytheville, VA.

On January 24, 2012, a controlled purchase of crack cocaine was made from Marvin MCBRIDE in Wytheville, VA.

On February 8, 2012, CS-3 was interviewed in Wytheville, VA. CS-3 stated that he/she met Marvin MCBRIDE, aka "DM", in August, 2011. CS-3 stated that he/she knew MCBRIDE as a crack cocaine distributor.

CS-3 stated that he/she drove MCBRIDE to a residence in Johnson City, TN on two (2) occasions to purchase ounce quantities of crack cocaine. CS-3 stated that he/she drove MCBRIDE to Bristol, TN on one (1) occasion to pick up ½ ounce of crack cocaine.

CS-3 stated that he/she had purchased crack cocaine from MCBRIDE on at least 100 occasions prior to December, 2011.

On February 15, 2012, a controlled purchase of crack cocaine was made from Marvin MCBRIDE in Wytheville, VA.

On May 1, 2012, CS-4 advised TFO Carr that MCBRIDE changed his cellular telephone number to (276) 223-8662 (Target Telephone #1). CS-4 stated that MCBRIDE was constantly utilizing the text message service on his cellular telephone to arrange for the distribution of crack cocaine.

CS-4 stated that MCBRIDE maintained a regular job to cover up his drug trafficking activities. CS-4 stated that when MCBRIDE was at work, he had others who distributed his drugs for him, including a black male named "SLIM".

On May 1, 2012, a controlled purchase of crack cocaine was made from "SLIM" in Wytheville, VA. Prior to the transaction, CS-4 sent a text message to Target Telephone #1 (Marvin MCBRIDE) asking to purchase crack cocaine. MCBRIDE responded via text message telling the CS to get in touch with "SLIM" for the transaction. The following is a transcript of the text message conversation between the CS and MCBRIDE:

CS to Target Telephone #1, "*U working. Forgot off day.*"
Target Telephone #1 to CS, "*Yes hit slim up*"

Based on my training and experience, and my knowledge of this investigation, I believe that CS-4 contacted MCBRIDE on Target Telephone #1 to determine if he was available to sell crack cocaine to the CS. I believe that MCBRIDE utilized Target Telephone #1 to inform the CS that he was at work and the CS needed to get in contact with "SLIM" to purchase the crack cocaine. The CS subsequently contacted "SLIM" and made a purchase of crack cocaine from "SLIM".

On May 30, 2012, a search warrant was applied for and obtained in the Western District of Virginia for text messages stored in the account of Target Telephone #1. In response to the execution of this search warrant on Verizon Wireless, your affiant received text messages stored in that account from May 8 to May 30, 2012. The following are excerpts from the search warrant results.

**May 8, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (276) 389-6840 (Brian Buckson):

(276) 389-6840 to Target Telephone #1, "*Whats up lil bro i need two fifty*"
Target Telephone #1 to (276) 389-6840, "*Is jay back yet at work*"
(276) 389-6840 to Target Telephone #1, "*No*"
Target Telephone #1 to (276) 389-6840, "*Ok be there in a hour*"

Based on my training and experience, and my knowledge of this investigation, I believe that Brian Buckson contacted Marvin MCBRIDE on Target Telephone #1 to place an order of $250.00 worth of crack cocaine. I believe that when MCBRIDE found out that "Jay" wasn't available to deliver the crack cocaine, MCBRIDE agreed to do it himself.

**May 9, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (276) 389-6840 (Brian Buckson):

(276) 389-6840 to Target Telephone #1, "*Ill be over to give u ur money after 6*"

4

> Target Telephone #1 to (276) 389-6840, *"Ok"*
> Target Telephone #1 to (276) 389-6840, *"Whats the hold up"*
> (276) 389-6840 to Target Telephone #1, *"She aint got off"*
> Target Telephone #1 to (276) 389-6840, *"y every time i leave u with something i got to wait on my money man this shit is geting old"*
> Target Telephone #1 to (276) 389-6840, *"this is going to make us fallout"*
> (276) 389-6840 to Target Telephone #1, *"bro i will have ur money forreal"*

Based on my training and experience, and my knowledge of this investigation, I believe that Marvin MCBRIDE utilized Target Telephone #1 in an attempt to collect a drug debt from Brian Buckson.

**May 11, 2012**

Target Telephone #1 received the following text message from telephone number (276) 223-8986 (Sahara Simon):

> *"How long you be playin me Marvin Mcbride? Thats the last time you will be put out. And i know its all good."*

**May 18, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (276) 223-8986 (Sahara Simon):

> (276) 223-8986 to Target Telephone #1, *"I need some shit dummy."*
> Target Telephone #1 to (276) 223-8986, *"Ok dam"*
> (276) 223-8986 to Target Telephone #1, *"U think im stupid it was two hundred dollars waitin on you. but go head... go be some where else 2nite.. im tired..."*

Based on my training and experience, and my knowledge of this investigation, I believe that Sahara Simon contacted Marvin MCBRIDE on Target Telephone #1 in an attempt to sell $200.00 worth of crack cocaine.

**May 21, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (276) 389-9563 ("G"):

> Target Telephone #1 to (276) 389-9563, *"Phills on his way"*
> (276) 389-9563 to Target Telephone #1, *"What he won't"*
> Target Telephone #1 to (276) 389-9563, *"50"*

Based on my training and experience, and my knowledge of this investigation, I believe that Marvin MCBRIDE utilized Target Telephone #1 to contact one of his crack

5

cocaine distributors ("G") to notify him that a customer was coming for $50.00 worth of crack cocaine.

**May 23, 2012**

Target Telephone #1 exchanged the following text messages with telephone numbers (276) 389-9563 ("G") and (276) 389-6840 (Brian Buckson):

Target Telephone #1 to (276) 389-9563, *"Stop by brians and get the game he know your comeing"*
(276) 389-9563 to Target Telephone #1, *"Ok"*
(276) 389-6840 to Target Telephone #1, *"My brother got the game"*
Target Telephone #1 to (276) 389-6840, *"Ok"*
Target Telephone #1 to (276) 389-9563, *"He aint got the game"*

Based on my training and experience, and my knowledge of this investigation, I believe that Marvin MCBRIDE utilized Target Telephone #1 to direct "G" to obtain 1/8 ounce of crack cocaine (aka "game") from Brian Buckson.

**May 25 & 26, 2012**

Target Telephone #1 exchanged the following text messages with telephone number (540) 819-4208:

Target Telephone #1 to (540) 819-4208, *"Whats up trying to get at u tomorrow at half time"*
(540) 819-4208 to Target Telephone #1, *"Jus soft u can do it up yrself"*
Target Telephone #1 to (540) 819-4208, *"Can i do it there?"*

Based on my training and experience, and my knowledge of this investigation, I believe that Marvin MCBRIDE utilized Target Telephone #1 to contact a cocaine source of supply and order ½ ounce of cocaine (aka "halftime"). I believe that the cocaine source of supply advised MCBRIDE that the cocaine was in powder form and he would have to transform it into crack cocaine himself.

<u>Verizon Wireless Electronic Communications</u>

In my training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public, and that stored electronic communications, including retrieved and unretrieved voicemail and text messages for Verizon Wireless subscribers may be located on the computers of Verizon Wireless. Further, I am aware that computers located at Verizon Wireless contain information and other stored electronic communications belonging to unrelated third parties.

Among the services commonly offered by wireless phone providers is the capacity to send short text or multimedia messages (photos, audio, or video) from one subscriber's phone or wireless device to another phone or wireless device via one or more

or "Multimedia Messaging Service" ("MMS"), and is often referred to generically as "text messaging" or "wireless messaging."

I have spoken with representatives of Verizon Wireless and understand that during the regular course of business they may possess up to five (5) days of stored electronic communications, namely text messages.

On June 6, June 13, June 18, June 22, June 27, and July 2, 2012, letters were sent to Verizon Wireless requesting that they preserve all historical electronic communications associated with the Target Telephone(s), pursuant to Title 18 United States Code (USC) 2703(f).

## LOCATION TO BE SEARCHED AND THINGS TO BE SEIZED

I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Verizon Wireless to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment A. Upon receipt of the information described in Attachment A, the information described in Attachment B will be subject to seizure by law enforcement.

## CONCLUSION

Based on my training and experience, I know that those involved in drug trafficking activities commonly use cellular telephones, to include the text messaging capabilities, to contact others to discuss and arrange drug transactions and to further their illicit drug business. I also know that it is common for those involved in drug trafficking activities to change cellular telephones and telephone numbers frequently to avoid detection by law enforcement.

Based on the foregoing, there is probable cause to believe that the stored electronic communications, specifically stored text messaging and the associated packet data for the Target Telephone(s), contain evidence of drug trafficking, specifically violations of Title 21 USC 841 and 846, Distribution of Crack Cocaine and Conspiracy to Distribute Crack Cocaine, respectively.

## REQUEST FOR SEALING

It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this

7

Case 1:12-mj-00070-PMS   Document 3   Filed 07/06/12   Page 10 of 11   Pageid#: 12

affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

   I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 6, 2012, at Abingdon, Virginia.

                Todd A. Brewer, Special Agent
                Drug Enforcement Administration

SWORN AND SUBSCRIBED TO BEFORE ME
THIS _6th_ DAY OF JULY, 2012

HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF VIRGINIA

Reviewed by: _____
Zachary Lee
Assistant United States Attorney
Western District of Virginia, Abingdon